UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PINNACLE ROCK FINANCIAL SERVICES, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:17-CV-1998-SNLJ |
| ALLSTATE INSURANCE CO., | ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff Pinnacle Rock Financial Services, LLC's ("Pinnacle") motion to remand (#10) and defendant Allstate Insurance Co.'s ("Allstate") motion to dismiss (#11). The motions are fully briefed. Because Allstate's removal was untimely, Pinnacle's motion to remand will be granted.

**I.   Background**

Allstate underwrites and sells insurance policies. It sells some of its policies through exclusive agents. To become an exclusive agent, a person must start a new agency or buy an existing one. This is a dispute about the sale of one of Allstate's agencies ("Target Agency").

Pinnacle originally filed this action in state court on June 13, 2017. The next day, Pinnacle served Allstate through the Director of the Missouri Department of Insurance ("Director"). As a foreign insurance company, Allstate was required to "execute an irrevocable power of attorney," "appointing and authorizing the [Director] to

1

acknowledge or receive service of all lawful process" before it could issue policies in Missouri. RSMo. § 375.906.1. The same day, Pinnacle emailed an Allstate lawyer a copy of the file-stamped petition and mistakenly told the Allstate lawyer that Pinnacle would "hold service." On June 15, 2017, Pinnacle corrected itself and told the Allstate lawyer that Pinnacle had already served the Director. The Director mailed the summons and petition to Allstate's designated Missouri agent, which received the service on June 19, 2017.

On June 28, 2017, Allstate requested a copy of "Exhibit 1"—a list of the Target Agency's accounts—which Pinnacle referred to many times in the petition but inadvertently failed to attach. Pinnacle sent Allstate Exhibit 1 the same day. On July 18, 2017—thirty-four days after the Director was served, and twenty-nine days after Allstate's designated Missouri agent received service—Allstate removed the action to this Court based on diversity jurisdiction. Pinnacle moved to remand, arguing that removal was untimely.

## II. Legal Standard

"Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States." 28 U.S.C. § 1441(a). The notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *Id.* § 1446(b). The thirty-day window is triggered when the

2

defendant is officially served, and state law determines when a defendant is properly served. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 351 (1999).

Missouri law requires all foreign insurance companies to first appoint the Director as their irrevocable power of attorney before they can issue policies in Missouri. Specifically, the statute provides:

> 1. No insurance company or association not incorporated or organized under the laws of this state shall directly or indirectly issue policies, take risks, or transact business in this state, until it shall have first executed an irrevocable power of attorney in writing, appointing and authorizing the director of the department of insurance, financial institutions and professional registration of this state to acknowledge or receive service of all lawful process, for and on behalf of the company, *in any action against the company*, instituted in any court of this state, or in any court of the United States in this state, and *consenting that service upon the director shall be deemed personal service upon the company*.
>
> 2. Service of process shall be made by delivery of a copy of the petition and summons to the director of the department of insurance, financial institutions and professional registration, the deputy director of the department of insurance, financial institutions and professional registration, or the chief clerk of the department of insurance, financial institutions and professional registration at the office of the director of the department of insurance, financial institutions and professional registration at Jefferson City, Missouri, and service as aforesaid shall be valid and binding in all actions brought by residents of this state upon any policy issued or matured, *or upon any liability accrued in this state*, or on any policy issued in any other state in which the resident is named as beneficiary, and in all actions brought by nonresidents of this state upon any policy issued in this state in which the nonresident is named beneficiary or which has been assigned to the nonresident, and in all actions brought by nonresidents of this state on a cause of action, other than an action on a policy of insurance, which arises out of business transacted, acts done, or contracts made in this state.

RSMo. §§ 375.906.1–375.906.2 (emphases added).

**III. Discussion**

Allstate claims its removal was timely based on three arguments. First, it argues that § 375.906 does not apply in this case. Second, it argues that the thirty-day removal window was triggered when its designated Missouri agent received service, not when Pinnacle served the Director. Third, it argues that it was not properly served until Pinnacle sent a copy of the exhibit that Pinnacle mistakenly failed to attach to the petition.

### A. Section 375.906 Applies in This Case

Allstate argues that § 375.906 does not apply in this case because it has nothing to do with rights or obligations under an insurance policy. This case is about a business dispute between the parties. This issue turns on the interpretation of the statute. When interpreting the terms of a statute, this Court begins with its plain language. *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 969 (8th Cir. 2007).

The statute requires foreign insurance companies to appoint and authorize the Director to "receive service of all lawful process . . . in any action against the company, instituted in any court of this state, or in any court of the United States in this state . . . ." RSMo. § 375.906.1. Here, the General Assembly used broad language and did not limit the statute's application to disputes dealing only with the rights or obligations under a policy.

The statute goes on to explain when service on the Director shall be "valid and binding" on the foreign company. *Id.* § 375.906.2. Service on the Director is "valid and binding in all actions brought by residents of this state upon any policy issued or matured, or upon any liability accrued in this state, or on any policy issued in any other state in

4

which the resident is named as beneficiary." *Id.* The General Assembly used the disjunctive "or" to separate suits based on a policy and suits based on liability accrued in Missouri. This necessarily means that suits based on a policy and suits based on liability accrued in Missouri are two different instances where service on the Director shall bind the foreign company. *See* Matthew Davis, Note, *Statutory Interpretation in Missouri*, 81 Mo. L. Rev. 1227, 1132 (2016). Reading the statute as Allstate suggests—that is, limiting "liability accrued in this state" to liability accrued under an insurance policy— would leave "liability accrued in this state" superfluous based on the clauses before and after it. This violates a common canon of statutory interpretation that courts should construe a statute so that all its provisions are given effect. *Hibbs v. Winn*, 542 U.S. 88, 101 (2004).

Allstate does not dispute that its alleged liability accrued in Missouri. Thus, this action clearly fits within the statutory text, and service on the Director was valid and binding on Allstate. Allstate cites *Diamond v. Puritan Insurance. Co.*, 90 F.R.D. 631 (E.D. Mo 1981), for the proposition that § 375.906 does not apply in a case that is not based on an insurance policy. But in *Diamond*, the plaintiff sued, in Missouri state court, on a loss that accrued in Arkansas based on a policy that was issued in Arkansas. 90 F.R.D. at 633. Because Allstate's alleged liability accrued in Missouri, its reliance on *Diamond* is misplaced.

    **B.**    **The Thirty-Day Removal Window Was Triggered When Pinnacle Served the Director**

5

Next, Allstate argues that, even if § 375.906 applies, the thirty-day removal window was triggered when its designated Missouri agent received service, not when Pinnacle served the Director. The thirty-day window is triggered when the defendant is officially served, and state law determines when a defendant is properly served. *Murphy Bros.*, 526 U.S. at 351. So this Court again begins with statute's plain language. *Dahl*, 478 F.3d at 969.

By appointing and authorizing the Director to acknowledge or receive service, Allstate "consent[ed] that service upon the [D]irector shall be deemed personal service upon [it]." RSMo. § 375.906.1. Both the plain language and this Court's case law advise that the thirty-day window was triggered when Pinnacle served the Director. *See, e.g.*, *Am. States Ins. Co. v. Gates Corp.*, No. 4:07-CV-1554-RWS, 2008 WL 163588, at *3 (E.D. Mo. Jan. 17, 2008); *Ross v. Scottsdale Ins. Co.*, No. 4:10-CV-1499-DDN, 2010 WL 4810211, at *1 (E.D. Mo. Nov. 19, 2010). *See also Hasenyager v. Conseco Sr. Health Ins. Co.*, No. 10-0636-CV, 2010 WL 3851962, at *2 (W.D. Mo. Sept. 29, 2010).

Allstate points out that

> the overwhelming majority of district courts to consider the question have held that "[w]hen service is effected on a statutory agent, rather than on an agent appointed by the defendant, the time to remove the action to federal court does not start to run until the defendant actually has received a copy of the complaint."

*Gordon v. Hartford Fire Ins. Co.*, 105 Fed. App'x 476, 480 (4th Cir. 2004) (alteration in original) (quoting *Lilly v. CSX Transp., Inc.*, 186 F. Supp. 2d 672, 673 (S.D. W. Va. 2002)). But the "overwhelming majority" includes neither a Missouri district court nor a district court applying Missouri law. In fact, this Court has refused to reach beyond §

6

375.906's text to conclude that service on the Director does not trigger the thirty-day window. *See, e.g.*, *Am. States Ins. Co.*, 2008 WL 163588, at *3; *Ross*, 2010 WL 4810211, at *1.

This Court also notes that one decision Allstate relies on suggests that the Director is more than a statutory agent because, under Missouri law, appointing the Director is the "functional equivalent of designating a registered agent . . . ." *Ackerman v. PNC Bank, Nat'l Ass'n*, No. CIV. 12-00042 SRN/JS, 2012 WL 3292889, at *3 (D. Minn. Aug. 13, 2012) (*quoting Ross*, 2010 WL 4810211, at *2). Because the thirty-day removal window was triggered on June 14, 2017, and Allstate's removal was not effected until July 18, 2017, the removal was untimely.

### C. Allstate Was Properly Served Without Exhibit 1

Last, Allstate seems to argue that it was not properly served until it received a copy of Exhibit 1. Allstate claims that it was unable to appreciate the full scope of Pinnacle's complaint without the exhibit, but Allstate does not cite any authority to support its proposition.

The Missouri Rules of Civil Procedure require "a short and plain statement of the facts showing that the pleader is entitled to relief . . . ." Mo. R. Civ. P. 55.05. Pinnacle's petition easily does this. It alleges that Allstate's agent overstated the number of customer accounts the Target Agency served (#6 at 4, ¶ 14). The petition alleges that Pinnacle would have received $114,000 in commissions and bonuses if the Allstate agent's representations had been accurate (#6 at 4, ¶ 17). It claims Pinnacle overpaid by

$43,250 (#6 at 4, ¶ 18). From this, Allstate could appreciate the nature of Pinnacle's claims.

**IV.    Conclusion**

The Court is required to remand this action to state court under 28 U.S.C. § 1446(b)(1) because Allstate did not remove this action within thirty days of being served.

Accordingly,

**IT IS HEREBY ORDERED** that Pinnacle's motion to remand the case to state court (#10) is **GRANTED**.

**IT IS FURTHER ORDERED** that Pinnacle's request for fees is **DENIED**.

**IT IS FURTHER ORDERED** that Allstate's motion to dismiss (#11) is **DENIED** as moot.


Dated this ___5th___ day of October, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE